## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED HENKE, 103612, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 26-cv-00129-JPG |
| | ) |
| NURSE NICOLE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jared Henke, an inmate at Madison County Jail, brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations allegedly arising from a single dose of the wrong medication and a single missed dose of penicillin. (Doc. 1). Plaintiff's Complaint was dismissed without prejudice for failure to state a valid claim. (Doc 14). Plaintiff was granted leave to file a First Amended Complaint by May 22, 2026. *Id*. He was warned that if he failed to do so, the action would be dismissed for failure to comply with a court order and/or for want of prosecution. *Id*. He was also warned that such a dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). *Id*.

Plaintiff missed the deadline for filing the First Amended Complaint. More than a week has passed since this deadline expired, and the Court has received no communication from him in this case. The Court will not allow this matter to linger indefinitely. This lawsuit is now dismissed because the operative complaint failed to state a claim pursuant to 28 U.S.C. 1915A, and Plaintiff failed to comply with a Court Order.

1

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to state a claim for relief in the operative Complaint and for failure to comply with the Court's Order (Doc. 14) to file a First Amended Complaint. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Plaintiff is **ADVISED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 5, 2026**

**J. PHIL GILBERT**
**United States District Judge**

2